IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|    Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-03-295 (1) |
| | § | C.A. No. C-05-341 |
| ELADIO ESPINOZA-RAMIREZ, | § | |
| | § | |
|    Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE,
DENYING CERTIFICATE OF APPEALABILITY, DENYING MOTIONS TO
APPOINT COUNSEL AND TO PROCEED** *IN FORMA PAUPERIS* **AND
DENYING MOTION REGARDING LIMITATIONS PERIOD**

Pending before the Court is Eladio Espinoza-Ramirez's ("Espinoza") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 30),[1] which the Court deems filed as of July 7, 2005.[2] The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES

---

[1] Dockets entries refer to the criminal case, C-03-cr-295.

[2] Although Espinoza's motion was received by the Clerk on July 11, 2005, it is dated July 7, 2005. It also contains a certification that it was given to prison officials for filing on July 7, 2005, the pertinent act for deeming a document filed by a *pro se* prisoner under Houston v. Lack, 487 U.S. 266. 276 (1988). See also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992)(providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings). The Court thus deems it filed as of the earlier date.

1

DISTRICT COURTS. Espinoza's motion is subject to dismissal both because it is not timely and because he waived his right to file the claims he raises therein. For these reasons, discussed in more detail below, the Court DISMISSES the motion. Additionally, the Court DENIES Espinoza a Certificate of Appealability. Finally, the Court also denies Espinoza's motion to proceed *in forma pauperis*, and motion for appointment of counsel.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. FACTS AND PROCEEDINGS

On October 23, 2003, Espinoza was charged in a single-count indictment with knowingly and intentionally possessing with intent to distribute approximately 223 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (D.E. 1). On November 26, 2003, Espinoza pleaded guilty pursuant to a written plea agreement. (D.E. 10, 11). In exchange for his guilty plea and his waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend that he receive a three-level credit for acceptance of responsibility and to recommend a sentence at the low end of the guideline range. (D.E. 11).

The plea agreement contained a voluntary waiver of Espinoza's right to appeal and to file a § 2255 motion:

> Defendant is aware that Title 18 U.S.C. § 3742 affords defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence impose [sic]

2

> or the manner in which it was determined. The defendant may appeal <u>only</u> (a) the sentenced [sic] imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines, which had not been requested by the United States. Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 11 at ¶ 8)(emphasis in original). At his rearraignment, Espinoza testified that he had read the agreement, understood it and discussed it with his attorney, who had answered all of his questions. (D.E. 27, Rearraignment Transcript ("R. Tr.") at 12-13).

The Court questioned Espinoza under oath at the rearraignment to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his appeal rights and right to file a § 2255 motion:

> THE COURT: You have the right, as a Defendant in this court, to appeal the decision of the Judge on your sentence, as well as to later attack your conviction and your sentence by filing petitions with the Court. However, your plea agreement and by your plea agreement, you will be giving up your right to appeal the sentence, as well as your right to collaterally attack the sentence and the conviction in this case. Do you understand?
>
> THE DEFENDANT: Yes, I understand.
>
> THE COURT: And do you want to give up those rights?
>
> THE DEFENDANT: Yes.

(R. Tr. at 13). Espinoza further testified that no one had promised him what sentence he

would receive, that no one had promised him leniency, that no one had threatened him or forced him to plead guilty, and that it was his decision to plead guilty. (R. Tr. at 10-11, 13-14). It is clear from the foregoing that Espinoza's waiver was knowing and voluntary. See Fed. R. Crim. P. 11(b)(1)(N)(obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

The Court sentenced Espinoza on February 19, 2004 to 60 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release, and imposed a $100 special assessment. (D.E. 20, 21). Judgment of conviction and sentence was entered March 2, 2004. (D.E. 21). Consistent with his waiver of appellate rights, Espinoza did not appeal. Espinoza filed his § 2255 motion on July 7, 2005.

### III. DISCUSSION

**A.  Statute of Limitations**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[3] 28 U.S.C. § 2255. The

---

[3] The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. <u>Clay v. United States</u>, 537 U.S. 522, 123 S. Ct. 1072, 1078-79 (2003); <u>United States v. Gamble</u>, 208 F.3d 536, 536-37 (5th Cir. 2000)(*per curiam*).

The period for Espinoza to file a notice of appeal from the judgment against him expired ten days after the entry of his judgment of conviction. Fed. R. App. P. 4(b). As calculated under Rule 26 of the Federal Rules of Appellate Procedure, ten days after March 2, 2004 is March 16 , 2004. Espinoza's time period for filing a motion pursuant to 28 U.S.C. § 2255 expired a year after that date, or on March 16, 2005. Espinoza's motion is deemed filed as of July 7, 2005. Thus, it was filed almost four months beyond the deadline.

Espinoza acknowledges that his motion was not filed within one year after the date his conviction became final. But he argues that his motion should be deemed timely under § 2255, para. 6(4), because it was filed within one year after "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255, para. 6(3). Specifically, he argues that he did not learn that his counsel had failed to appeal until July 2004, and that the limitations period should run from that date.

In order for his motion to be timely under this provision, this Court would have to find that Espinoza could not have discovered, through the exercise of due diligence, that his

5

attorney had not filed an appeal on his behalf any earlier than July 7, 2004. As noted, judgment was entered against Espinoza on March 2, 2004. He does not offer any support for his contention that he acted with due diligence in trying to determine whether his counsel had filed an appeal.[4] Instead, the first time he even asked for information from counsel to support his § 2255 motion was July 14, 2004.[5] If he had acted with diligence, the Court concludes that he would have discovered that no appeal had been filed in less than four months. Put differently, he would have discovered that no appeal had been filed prior to July 7, 2004.

In short, Espinoza has offered no plausible reason why he did not know an appeal had not been filed prior to July 2004, nor any plausible reason why he could not have learned of that fact prior to July 2004. Thus, the Court concludes that § 2255(4) is inapplicable here and does not entitle Espinoza to relief.

For the foregoing reasons, the Court concludes that Espinoza's § 2255 motion is barred by the applicable statute of limitations.

## B. Waiver of § 2255 Rights

Even if it were timely, moreover, Espinoza's motion would fail for an entirely

---

[4] The Court also notes that his waiver precluded his appeal, and this fact was discussed at his sentencing. Thus, the Court finds it difficult to believe that Espinoza thought – at any point– that his counsel had appealed.

[5] Notably, Espinoza's request for materials to prepare a § 2255 motion suggests that he already knew he did not have an appeal pending. Thus, his request was inconsistent with his statements now that he did not know at the time that his case had not been appealed.

6

independent reason. Specifically, he waived his right to file any § 2255 motions. <u>United States v. Wilkes</u>, 20 F.3d 651 (5th Cir. 1994)(enforcing defendant's voluntary and knowing waiver of § 2255 rights); <u>United States v. McKinney</u>, 406 F.3d 744 (5th Cir. 2005)(enforcing, post-<u>Booker</u>, a waiver of appeal rights that was signed prior to the issuance of <u>Booker</u>). Nowhere in his motion does Espinoza challenge the validity of the waiver itself, nor does he challenge his counsel's advice related to his plea or the waiver. <u>See, e.g.</u>, <u>United States v. White</u>, 307 F.3d 336, 343-44 (5th Cir. 2002)(an ineffective assistance claim survives such a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself").

It is clear from the rearraignment transcript that Espinoza understood that he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motions. His statements under oath are entitled to a strong presumption of truthfulness. <u>United States v. Lampaziane</u>, 251 F.3d 519, 524 (5th Cir. 2001)(citing <u>Blackledge v. Allison</u>, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977));<u>Wilkes</u>, 20 F.3d at 653 (citing <u>Blackledge</u> for same proposition). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." <u>United States v. Cothran</u>, 302 F.3d 279, 283-84 (5th Cir. 2002).

In sum, the Court concludes that Espinoza's waiver of his right to file a § 2255 motion is valid and enforceable. His motion is not properly before the Court and is therefore DISMISSED.

independent reason. Specifically, he waived his right to file any § 2255 motions. <u>United States v. Wilkes</u>, 20 F.3d 651 (5th Cir. 1994)(enforcing defendant's voluntary and knowing waiver of § 2255 rights); <u>United States v. McKinney</u>, 406 F.3d 744 (5th Cir. 2005)(enforcing, post-<u>Booker</u>, a waiver of appeal rights that was signed prior to the issuance of <u>Booker</u>). Nowhere in his motion does Espinoza challenge the validity of the waiver itself, nor does he challenge his counsel's advice related to his plea or the waiver. <u>See, e.g.</u>, <u>United States v. White</u>, 307 F.3d 336, 343-44 (5th Cir. 2002)(an ineffective assistance claim survives such a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself").

It is clear from the rearraignment transcript that Espinoza understood that he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motions. His statements under oath are entitled to a strong presumption of truthfulness. <u>United States v. Lampaziane</u>, 251 F.3d 519, 524 (5th Cir. 2001)(citing <u>Blackledge v. Allison</u>, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977));<u>Wilkes</u>, 20 F.3d at 653 (citing <u>Blackledge</u> for same proposition). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." <u>United States v. Cothran</u>, 302 F.3d 279, 283-84 (5th Cir. 2002).

In sum, the Court concludes that Espinoza's waiver of his right to file a § 2255 motion is valid and enforceable. His motion is not properly before the Court and is therefore DISMISSED.

**C.     Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253 (c)(1)(A).  Although Espinoza has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA.  See Alexander v. Johnson, 211 F.3d 895, 898 (5thCir. 2000)(it is appropriate for district court to address *sua sponte* issue of whether a COA should be granted or denied, even before one is requested).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 1039 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right ***and*** that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000)(emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002)(applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Espinoza has stated a valid claim for relief, because he cannot establish the second

8

Slack criterion. That is, reasonable jurists could not disagree that his motion is untimely and that his waiver bars his motion. Accordingly, he is not entitled to a COA.

**D.     Additional Motions**

At the same time he filed his § 2255 motion, Espinoza also filed three additional motions that relate to the § 2255 motion. The first is a motion in which he requests that his motion be deemed timely and that the Court utilize the limitations period in subsection (4) of § 2255, paragraph 6. For the reasons set forth supra in Section III.A., that motion (D.E. 31) is DENIED.

Espinoza also seeks leave to proceed *in forma pauperis* and seeks the appointment of counsel to assist him in these § 2255 proceedings. (See D.E. 29). For purposes of filing fees, a motion filed under § 2255 is essentially a continuation of the defendant's criminal case. See United States v. Cole, 101 F.3d 1076 (5th Cir. 1996)(characterizing § 2255 motions and indicating that it was not a civil action for purposes of the Prison Litigation Reform Act). In this district, no filing fee is required to file such a motion. Accordingly, there is no need for *in forma pauperis* status in this matter. Thus, his motion to proceed *in forma pauperis* (D.E. 29) is DENIED without prejudice to his ability to seek such status in any appeal from this Order.

Similarly, in light of the Court's denial of his substantive motion, there is no need to appoint counsel to represent Espinoza. His motion for appointment of counsel (D.E. 29) is therefore DENIED.

9

## IV.  CONCLUSION

For the above-stated reasons, Espinoza's motion under 28 U.S.C. § 2255 (D.E.19) is DISMISSED.  The Court also DENIES him a Certificate of Appealability.  The additional motions pending before the Court (D.E. 29, 31) are also DENIED.

ORDERED this 10th day of August 2005.

_____
HAYDEN HEAD
CHIEF JUDGE